IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEANNA KAY COLLINS,                         :

       Plaintiff                        :

                                   :

       vs.                              CIVIL NO. 1:CV-11-0355

                                   :

LINCOLN CAVERNS, INC.,                      :
PATRICIA ANN DUNLAVY,
MARION DUNLAVY,                             :
          Defendants

*M E M O R A N D U M*

      The pro se plaintiff, Deanna Kay Collins, filed this action against Lincoln

Caverns, Inc., Patricia Ann Dunlavy, and Marion Dunlavy, alleging, among other things,

copyright infringement, fraudulent misrepresentation, and invasion of privacy.  Plaintiff

has filed motions for default under Federal Rule of Civil Procedure 55 against all

defendants.  Defendants in turn filed a motion for extension of time to respond to the

complaint and a motion to dismiss pursuant to Rule 12(b)(5) for insufficient service of

process.[1]

      We can enter a default pursuant to Rule 55(a) if a defendant has failed to

timely file a responsive pleading, or otherwise defend against the complaint.  However,

the defendant must first have been properly served with process.  *Dougherty v. Snyder*,

_____

   [1]  Defendants motion for extension of time was filed on April 1, 2011.

No. CV-10-1071, 2010 WL 2640182, at *1 (M.D. Pa. June 30, 2010).  It is undisputed that

plaintiff attempted service by mailing copies of the complaint by certified mail to each of

the defendants.  (doc. 3.)

        Plaintiff's attempt at service by certified mail was improper.  Federal Rule of

Civil Procedure 4 governs service in federal court.  Unless an individual defendant waives

service under Rule 4(d)(3) and (4), service may not be made by mail.  *See* Fed.R.Civ.P.

4(e); *Id.*  Rule 4(e)(1) allows for alternative forms of service under state law.  Collins

incorrectly concludes that service was proper because 246 Pa. Code Rule 300 allows a

complaint to be served by certified mail.  However, this rule of civil procedure only applies

in the minor courts of Pennsylvania.  The federal rules clearly state that service may be

accomplished by following state law "for serving a summons in an action brought in the

*courts of general jurisdiction* in the state where the district court is located."  Fed.R.Civ.P

4(e)(1)(emphasis added).  The courts of general jurisdiction in Pennsylvania are the court

of common pleas, which are governed by the Pennsylvania Rules of Civil Procedure.

*See* 42 Pa.C.S.A. § 931.  Under these rules, service generally has to be accomplished by

the sheriff.  Pa.R.Civ.P. 400(a).  For this type of civil action, Pennsylvania does not allow

service by mail upon individuals, *See* Pa.R.Civ.P. 402, or on corporations, *See*

Pa.R.Civ.P. 424.[2]  Similarly, Federal Rules do not provide for service on Pennsylvania

corporations through the mail.  *See* Fed.R.Civ.P. 4(h).  Since the summons and

---

     [2] Pennsylvania allows service by mail when the defendant is out of state.  *See*
Pa.R.Civ.P. 404(2).

complaint were not properly served, we do not have jurisdiction over the defendants. *Adams v. Allied Signal General Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996).  For this reason, we will not address the other issues presented in defendants' motion.

Based on the preceding, we will deny the motions for default.  We note that under Federal Rule of Civil Procedure 4(m), plaintiff has 120 days from the filing of the complaint to effect service so plaintiff still has time to do so as the complaint was filed on February 22, 2011.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEANNA KAY COLLINS,                          :

        Plaintiff                          :

                                           :

        vs.                                CIVIL NO. 1:CV-11-0355

                                           :

LINCOLN CAVERNS, INC.,                       :
PATRICIA ANN DUNLAVY,
MARION DUNLAVY,                              :
        Defendants

*O R D E R*

        AND NOW, this 19th day of May, 2011, upon review of Defendants' motion

to dismiss, and pursuant to the accompanying Memorandum, it is ordered that:

        1.  Defendants' motion for an extension of time (doc. 6) is
granted.  Defendants' response is deemed timely filed.

        2.  Defendants' motion to dismiss pursuant to Rule 12(b)(5)
(doc. 10) is granted without prejudice to plaintiff properly
serving the defendants.

        3.  Plaintiff's motions for default (doc. 8, 18) are denied.

        4.  Defendants' motion to quash default (doc. 13) are
dismissed as moot.

                         /s/William W. Caldwell
                         William W. Caldwell
                         United States District Judge