IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEANNA KAY COLLINS,                :

    Plaintiff                :

                           :

    vs.                CIVIL NO. 1:CV-11-0355

                           :

LINCOLN CAVERNS, INC.,           :
PATRICIA ANN DUNLAVY,
MARION DUNLAVY,                  :
    Defendants

*M E M O R A N D U M*

The pro se plaintiff, Deanna Kay Collins, a resident of North Carolina, filed this action against Lincoln Caverns, Inc., Patricia Ann Dunlavy, and Marion Dunlavy. According to the complaint, Lincoln Caverns is a tourist attraction in Huntingdon County, Pennsylvania, and the two individual defendants are officers of Lincoln Caverns, Inc. Plaintiff alleges Defendants committed, among other things, copyright infringement, fraudulent misrepresentation, and invasion of privacy.

On July 21, 2011, Plaintiff filed a motion for voluntary dismissal without prejudice, citing Fed. R. Civ. P. 41(a)(2). In that motion, she represented that "both parties (legal counsel) are agreeable to a [d]ismissal of this lawsuit without [p]rejudice."

(Doc. 24, CM/ECF p. 2).[1]  She also asserted that she wanted to dismiss the case because she is occupied with moving her business out of North Carolina.  Six days later, on July 27, 2011, construing the motion as a notice under Fed. R. Civ. P. 41(a)(1)(A)(i) for voluntary dismissal, we entered an order dismissing the case.  In doing so, we noted that Defendants had not filed an answer or a motion for summary judgment.[2]

We are considering two identical motions for reconsideration of that order filed by Defendants.  Defendants invoke Fed. R. Civ. P. 60(b)(1) and 60(b)(6), which, respectively, permit a court to relieve a party from a final order based on "mistake, inadvertence, surprise or excusable neglect," or on "any other reason that justifies relief."  Under Rule 60(b)(6), relief may be granted for an "extreme" or "unexpected hardship,"

---

[1]   The page number refers to the page number assigned by the Case Management/Electronic Case Files (CM/ECF) system.

[2]   In pertinent part, Rule 41(a)(1)(A)(i) provides as follows:

   (a) Voluntary Dismissal.

     (1) By the Plaintiff.

        (A) *Without a Court Order.* . . . . the plaintiff may dismiss an action without a court order by filing:

          (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment;

   . . . .

        (B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice.  But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

"when the judgment precluded an adjudication on the merits." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008)(internal quotation marks and quoted case omitted). Defendants also rely on *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), where the court said that a motion for reconsideration could be granted when the court "has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension."

In moving for reconsideration, Defendants argue as follows. First, our July 27 order was outside the adversarial issues presented because it was based on Plaintiff's false representation that Defendants had agreed that the case could be dismissed without prejudice. In fact, Defendants do not agree that the case should be dismissed. Second, if we do not vacate the order, they will suffer extreme or unexpected hardship by being prevented from having an adjudication on the merits of Plaintiff's dismissal motion under Rule 42(a)(2). Third, they will be deprived of a prompt adjudication of Plaintiff's claims, and they will be exposed to a lengthy period of potential liability until Plaintiff decides to file another suit, given the nature of the statute of limitations for some of her claims. Fourth, witnesses and evidence may not be available when Plaintiff does file another suit. Finally, Defendants argue that if the order is vacated, in opposing Plaintiff's Rule 42(a)(2) motion, they intend to ask that the case be dismissed with prejudice and that they be reimbursed for the attorney's fees and costs incurred in defending the action.

We will deny Defendants' motions. We were not misled by Plaintiff's assertion that Defendants concurred in dismissal. As noted in our order, dismissal was

appropriate under Rule 41(a)(1)(A)(i) because no answer or motion for summary judgment had been filed.  Plaintiff did style the document as a motion under Rule 41(a)(2), but Plaintiff is pro se, so we liberally construed the motion for what it really was, a notice of dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i).  *See Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 n.1 (3d Cir. 2009)(pro se litigants' pleadings are construed liberally); *Ventura-Vera v. Dewitt*, 417 F. App'x 591, 591-92 (8th Cir. 2011)(per curiam)(nonprecedential)(liberally construed, the pro se plaintiff's motion to dismiss was effectively a Rule 41(a)(1)(A)(i) notice of dismissal); *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977)(it is irrelevant that a pro se plaintiff's notice was styled as a motion rather than as a notice or that he invoked Rule 41(a)(2) instead of Rule 41(a)(1)(A)(i) if the motion was really a notice of dismissal under the latter rule); *Little v. Trott & Trott, P.C.*, No. 09-1882, 2009 WL 4827441, at *1 (D.C. Dec. 14, 2009)(pro se plaintiff's motion to dismiss under Fed. R. Civ. P. 9(b) would be liberally construed as a Rule 41(a)(1)(A)(i) notice of dismissal); *Carbajal v. Serra*, No. 08-1131, 2009 WL 750409, at *1 (D. Colo. Mar. 18, 2009)(plaintiff's pro se motion to dismiss his complaint liberally construed as a Rule 41(a)(1)(A)(i) motion).

Rule 41(a)(1)(A)(i) establishes "a bright-line test" on a plaintiff's right to dismiss a case early in the litigation.  *In re Bath and Kitchen Fixtures Anti-Trust Litig.*, 535 F.3d 161, 165 (3d Cir. 2008)(internal quotation marks and quoted case omitted).  A plaintiff is entitled to dismiss an action without prejudice if she has "never before dismissed an action based on or including the same claim; and (2) defendants had not

served an answer or a motion for summary judgment." *Id.* Those circumstances are present here.[3] Therefore, dismissal is "automatic" and Plaintiff's right to it "unfettered." *Id.* (internal quotation marks and quoted case omitted). "'This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court.'" *Id.* at 166 (quoting *Am. Cyanamide Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963)). Defendants therefore have no right to contest the dismissal or to impose conditions upon it.

We acknowledge that Defendants have incurred attorney's fees and costs in defending the action. The Third Circuit made the same observation in *In re Bath and Kitchen Fixtures*, 535 F.3d at 166 ("motions to dismiss may impose much labor and expense on parties and judges - sometimes they are as time-consuming as motions for summary judgment"). However, as the Third Circuit noted in that case, the rule was drafted to provide only two points of "no return," an answer or a motion for summary judgment, *id.* (internal quotation marks and quoted case omitted), and to decide otherwise "would . . . improper[ly] graft a new category onto the literal text of the Rule." *Id.* We add that the cases Defendants cite in support of their request for attorney's fees and costs, *Andrew Myer Designs, LLC v. Hassan*, No. 06-1095, 2006 WL 2251703 (E.D. Pa. Aug. 4, 2006), and *Citizens Sav. Ass'n v. Franciscus*, 120 F.R.D. 22 (M.D. Pa. 1988), involved Rule 41(a)(2), which deals with situations not covered by Rule 41(a)(1). As

---

[3] Defendants did have pending a motion to dismiss under Fed. R. Civ. P. 12(b)(6) but motions to dismiss do not count. *Id.* at 166.

noted, Plaintiff may have invoked Rule 41(a)(2), but her motion was really a notice under Rule 41(a)(1)(A)(i).

We will issue an appropriate order.[4]

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: October 3, 2011

---

[4] In regard to the uncertainty of future litigation by Plaintiff, a likely option for Defendants is a declaratory judgment action against her.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEANNA KAY COLLINS, | : |
|     Plaintiff | : |
| | : |
| vs. | CIVIL NO. 1:CV-11-0355 |
| | : |
| LINCOLN CAVERNS, INC., | : |
| PATRICIA ANN DUNLAVY, | |
| MARION DUNLAVY, | : |
|     Defendants | |

*O R D E R*

AND NOW, this 3rd day of October, 2011, it is ordered that Defendants' motions (doc. 26 and 27) under Fed. R. Civ. P. 60(b) for reconsideration of the order of July 27, 2011, are denied.

                                                 /s/William W. Caldwell
                                               William W. Caldwell
                                               United States District Judge